(No. 85-CV-0015)

*In re* APPLICATION OF EUGENE B. FINEGAN.

*Opinion filed August 29, 1984.*

EUGENE B. FINEGAN, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (FAITH S. SALSBURG, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an incident that occurred on October 18, 1983. Eugene B. Finegan, husband of the deceased victim, Charlotte S. Finegan, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71, *et seq*.

This Court has carefully considered the application for benefits submitted on July 9, 1984, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant's deceased wife, Charlotte S. Finegan, age 59, was a victim of a violent crime as defined in section 2(c) of the Act, to wit: reckless homicide. Ill. Rev. Stat. 1979, ch. 38, par. 9—3.

2. That on October 18, 1983, the victim received multiple injuries when her vehicle was hit by another vehicle. The incident occurred at Wabash and Eighteenth Streets, Chicago, Illinois. The victim was taken to Michael Reese Hospital where she expired. The driver of the other vehicle was charged with reckless homicide.

3. That the Claimant seeks compensation under the Act for medical/hospital expenses and for funeral expenses. The Claimant was not dependent upon the victim for support.

4. That the victim incurred medical/hospital expenses in the amount of $3,952.78, which was paid by insurance, therefore leaving no amount due.

5. That funeral and burial expenses were paid by the Claimant in the amount of $4,769.20. Pursuant to section 2(h) of the Act, funeral and burial expenses are compensable to a maximum amount of $2,000.00.

6. That pursuant to section 10.1(e) of the Act, this Court must deduct $200.00 from all claims (except in the case of an applicant 65 years of age or older), and the amount of benefits, payments or awards payable under the Workers' Compensation Act, Dram Shop Act, Federal Medicare, State public aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits, health insurance, or from any other source, except annuities, pension plans, Federal Social Security payments payable to dependents of the victim and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance that would inure to the benefit of the applicant.

7. That the Claimant has received $61,647.07 from life insurance policies as a result of the victim's death, $36,647.07 of which can be counted as applicable deductions.

8. That the Claimant's net loss for which he seeks compensation is as follows:

| | |
|---|---|
| Maximum funeral award | $ 2,000.00 |
| Less applicable insurance deduction | − 36,647.07 |
| Less $200.00 deductible | − 200.00 |
| Total | − 0 − |

9. That after making all the applicable deductions under section 10.1(e) of the Act, the Claimant did not suffer a pecuniary loss compensable under the Act.

10. That this claim does not meet a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be, and is hereby denied.